IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT J. WARD,

                                                OPINION AND ORDER

                Plaintiff,

                                                    18-cv-374-bbc

      v.

SCOTT WALKER, JON LITSCHER, JAMES GREER,
DAVID BURNETT, KEVIN KALLAS, DAI ADMINISTRATOR,
G. BOUGHTON, KARTMEN, L. BROWN, MR. RUBEN-ASH,
MS. WATERMEN, UNNAMED JOHN AND JANE DOES,
CCI WARDEN DITMEN, CCI SECURITY DIRECTOR,
CCI PSU DIRECTOR, CCI PSU STAFF, PSYCHIATRIST N.P. KIRSH
and WSPF PSU STAFF,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Robert Ward has filed a proposed civil complaint under 42 U.S.C. § 1983, in which he contends that the policies and practices of the Wisconsin Department of Corrections fail to provide adequate mental health treatment for seriously mentally ill inmates and instead, result in exacerbation of mental illnesses, suicidal ideation and self-harm impulses. He has named as defendants several state officials who he contends are responsible for the flawed policies and practices. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. However, plaintiff has not yet made an initial partial payment of the filing fee as calculated by the clerk of court, and his complaint will not be screened until he has done so. Dkt. #10. That being said, plaintiff has filed two motions requesting emergency injunctive relief. Dkt. ##2, 8. In light of plaintiff's serious allegations, I will address those motions without further delay.

1

In his first motion for injunctive relief, dkt. #2, plaintiff seeks a court order requiring that he be transferred to a mental health facility so that he may receive adequate mental health care before his anticipated release from custody on November 20, 2018. He also asks that prison officials be prohibited from placing him in solitary confinement for more than 15 days at a time for the duration of this lawsuit. He filed a declaration in support of his motion, stating that the conditions in administrative confinement are unseasonably harsh and exacerbate his mental health problems. He says that without this relief, he will likely end up killing himself.

Although I am sympathetic to plaintiff's arguments, I will deny this motion without prejudice at this time. First, plaintiff's motion does not comply with this court's procedures for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has neither submitted proposed findings of fact nor cited any evidence to support those findings.

Second, even if plaintiff's motion were not flawed on its face, I would have to deny it on the merits at this time. Preliminary injunctive relief such as that requested by plaintiff is rarely granted. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). In this instance, plaintiff contends that defendants are

violating his Eighth Amendment rights by failing to provide him adequate treatment for his mental health needs. However, although plaintiff alleges his conditions of confinement have worsened his mental health, his declaration alone does not establish a likelihood of success on the merits of his claim. As plaintiff is no doubt aware, policies and decisions regarding mental health care and security for inmates involve complicated issues. The appropriate care and placement will necessarily depend on the particular needs of the individual prisoner. However, plaintiff is not a mental health expert and is not "entitled to dictate the terms of his care," Harper v. Santos, 847 F.3d 923, 927 (7th Cir. 2017), including choosing the facility or unit in which he should be confined. Although he may disagree with the mental health care he has been receiving, a "mere disagreement" is not enough to support a claim under the Constitution. Id. at 926-27. As this case progresses, plaintiff may be able to submit evidence showing that defendants' policies and practices have denied him necessary care or have subjected him to unconstitutional conditions of confinement but at this stage, he has not submitted such evidence. Therefore, his request for preliminary injunctive relief will be denied. However, in light of plaintiff's allegations that he is at imminent risk of self-harm, I will direct the Wisconsin Attorney General's Office to promptly alert Department of Corrections officials so that they can take whatever action they deem appropriate to insure plaintiff's safety.

In plaintiff's second motion for injunctive relief, dkt. #8, plaintiff says he received a punishment of 30 days' room confinement that has prevented him from going to the law library. He seeks an order requiring the prison to allow him to use the law library. This

3

motion will be denied because plaintiff has not explained why he needs to go to the library in the next 30 days in relation to this lawsuit. Plaintiff's only pending deadline is the deadline for paying his filing fee, and I can think of no reason why plaintiff needs to go to the law library to do that. In short, plaintiff has not shown that he will suffer irreparable harm without an injunction.

ORDER

IT IS ORDERED that

1. Plaintiff Robert Jay Ward's motions for emergency injunctive relief, dkt. ##2, 8, are DENIED.

2. The Wisconsin Attorney General's Office is DIRECTED to promptly advise Department of Corrections officials that plaintiff believes he is at imminent risk of self-harm or suicide so that these officials can take whatever action they deem appropriate to insure plaintiff's safety.

Entered this 21st day of June, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge